Francisco Soto Gras, demandante y apelado, *v.* Nimaca Shoe Factory, demandado y apelante.

No. 4151.—*Visto:* Enero 17, 1927. *Resuelto:* Febrero 25, 1927.

1. Arrendador y Arrendatario—Acción de Volver a Entrar en y Recobrar la Posesión por el Propietario—Desahucio—Apelación—Desestimación—Depósito o Consignación de Cánones Vencidos al Interponerse el Recurso.—No puede quejarse un arrendador apelado de que el apelante en un caso de desahucio no ha depositado los cánones vencidos del arrendamiento, cuando el arrendatario se los envió en cheques certificados y él los aceptó aunque después se limitara a retener los cheques sin hacerlos efectivos.

2. Arrendador y Arrendatario—Acción de Volver a Entrar en y Recobrar la Posesión por el Arrendatario—Desahucio—Apelación—Desestimación—Depósito o Consignación de Cánones Vencidos al Interponerse el Recurso.—Cuando el arrendador se niega a recibir el precio del arrendamiento después de iniciada acción de desahucio y antes de dictarse sentencia en la misma, el pago hecho por consignación en la corte que tiene jurisdicción por razón de la cuantía, es eficaz.

MOCIÓN sobre desestimación de apelación presentada por el apelado.
*Sin lugar.*

*Angel A. Vázquez,* abogado del apelante; *Francisco Soto Gras y Salvador Suau,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

[1, 2] Se trata de un caso de desahucio y se solicita la desestimación del recurso de apelación establecido contra la sentencia dictada en el mismo por no haberse depositado en forma por la demandada y apelante los cánones de arrendamiento vencidos a la fecha de la apelación.

Según la moción el desahucio se fundó en la falta de pago del arrendamiento correspondiente a los meses vencidos el 30 de septiembre y el 31 de octubre de 1926, ascendentes a trescientos dólares en junto. Mientras se tramitaba el pleito, venció el canon de noviembre. Se dictó sentencia favorable al demandante y la demandada apeló el 29 de diciembre de 1926, consignando al día siguiente la suma de ciento cincuenta dólares correspondientes al mes de su fecha. Sostiene el apelado, en resumen, que la apelante dejó de depositar los cánones vencidos a la fecha de la apelación correspondientes a los meses de septiembre, octubre y noviembre de 1926.

Si lo alegado por la parte apelada fuera cierto, no habría duda alguna de que esta corte no habría adquirido jurisdicción para conocer del recurso, de acuerdo con lo preceptuado en la sección 12 de la Ley de Desahucio de 1905. Pero la apelante sostiene que no lo es.

Aunque reconocemos que el caso es peculiar, a nuestro juicio no puede sostenerse dadas las resultancias de los autos, que se haya dejado de cumplir con la ley que exige el pago al arrendador o la consignación o depósito a su favor de los cánones de arrendamiento vencidos al interponerse el recurso.

Debe aclararse que no se trata aquí de investigar y resolver si los cánones de septiembre y octubre se pagaron o

no a su debido tiempo.   Eso es lo que constituye el fondo del pleito.   Lo que hay que tener en cuenta es si a la fecha de la apelación el apelante había pagado al apelado dichos cánones o los había depositado a su favor, y esto aparece suficientemente demostrado.

Se ha traído a los autos de la apelación una copia certificada de una carta escrita por el apelado a la apelante el 3 de noviembre de 1926 presentada como prueba en el pleito de desahucio y en la que, no obstante las reservas que establece, el apelado termina diciendo:

"En todo caso mi intención al aceptar el pago de los arrendamientos vencidos y no pagados en su oportunidad, no es la de renunciar con dicha aceptación al derecho que tengo a desahuciar a ustedes y a la demanda que ha sido radicada y con esa salvedad y así claramente expuesta mi intención es que únicamente acepto y cobraré el cheque mencionado, pues de lo contrario no lo aceptaría ni lo cobraría y recurriría a una acción de cobro de dinero, en perjuicio de los intereses de esa corporación, pero en defensa de los míos propios."

Parece que el apelado se limitó luego a hacer certificar los cheques sin cobrarlos, pero él no puede decir ahora, después de su carta, que no los aceptó, ni invocar la falta de pago para pedir la desestimación del recurso.

El pago del arrendamiento de noviembre también se demuestra suficientemente a nuestro juicio.   Venció cuando se estaba tramitando el litigio.   No había recaído aún sentencia final.   Trató la apelante de pagarlo al apelado.   No pudo y recurrió al procedimiento de pago por consignación.   Acudió a la corte municipal que tenía jurisdicción por razón de la cuantía y se ha traído a los autos de la apelación copia certificada de la resolución judicial declarando bien hecha la consignación de ciento cincuenta dólares a disposición del apelado en pago del repetido canon de arrendamiento correspondiente a noviembre, y de su notificación al apelado.

*Debe declararse no haber lugar a la desestimación del recurso.*